IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES & EXCHANGE
 COMMISSION,

   *Plaintiff,*

vs.

LELAND G. ORR, *et al.*,

   *Defendants.*

Case No. 11-2251-EFM

**MEMORANDUM AND ORDER**

  The Securities and Exchange Commission commenced this action against Defendants Robert Orr, Leland Orr, Michael S. Lowry, Michael Hess, Kyle Garst, and Travis Vrbas, alleging they participated in a "massive financial fraud" relating to the Brooke Corporation and its subsidiaries. The Court subsequently entered a series of Final Judgments against Defendants, requiring them to disgorge improper profits and to pay prejudgment interest and civil penalties, as shown in the following table:

| *Defendant* | *Disgorgement* | *Interest* | *Civil Penalty* | *Court Payment* |
|---|---|---|---|---|
| Lowry | 214,500.00 | 24,004.91 | 175,000.00 | 1,160.00 |
| Vrbas |  |  | 130,000.00 |  |
| Hess |  |  | 250,000.00 |  |
| Garst |  |  | 130,000.00 | 74,706.80 |
| R. Orr | 771,147.00 | 144,933.00 | 48,000.00 |  |
| L. Orr | 270,000.00 | 50,766.00 | 20,000.00 |  |

Defendants Robert Orr, Leland Orr, and Hess were required to make payment to the SEC directly. Defendants Lowry, Vrbas, and Garst were directed to make payments to the Court, with the funds deposited to be held in an interest-bearing account with the Court Registry Investment System ("CRIS"). These amounts would be held "until further order of the Court," and with the provision that "[t]he Commission may propose a plan to distribute the Fund subject to the Court's approval."

Defendant Garst subsequently agreed to pay $74,706.80 to the Court, which Plaintiff agreed to represent full satisfaction of the Final Judgment against him. He then made payment in this amount into the Court. Defendant Lowry has paid $1,160.00 into the Court.

Although not explicitly set forth in the Final Judgments in question, SEC settlements frequently provide that funds acquired in such cases may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.[1]

Under Section 308(a):

> If, in any judicial or administrative action brought by the Commission under the securities laws, the Commission obtains a civil penalty against any person for a violation of such laws, or such person agrees, in settlement of any such action, to such civil penalty, the amount of such civil penalty shall, on the motion or at the direction of the Commission, be added to and become part of a disgorgement fund or other fund established for the benefit of the victims of such violation.[2]

This provision allows the SEC to move the Court to create such a fund upon the imposition of civil penalties,[3] "provid[ing] the SEC with flexibility by permitting it to distribute

---

[1] *See SEC v. Okhotnikov*, 2022 WL 3043116, at *2 (N.D. Ill., 2022); *SEC v. CMKM Diamonds, Inc.*, 635 F. Supp. 2d 1185, 1194 (D. Nev. 2009).

[2] 15 U.S.C. § 7246.

[3] *SEC v. Analytica Bio-Energy Corp.*, 317 F.Supp. 3d 574, 582 (D.D.C. 2018).

civil penalties among defrauded investors by adding the civil penalties to the disgorgement fund."[4]  Such a plan requires "a fair and reasonable allocation of recovered funds to investors."[5]  Thus, a Fair Fund may not be appropriate if the SEC cannot identify the victims and create a reasonable Fair Fund.[6]   In the absence of such Fair Fund compensation under Sarbanes-Oxley, civil penalties obtained pursuant to the Remedies Act are paid to the United States Treasury.[7]

Plaintiff has not submitted any plan for the distribution of the funds deposited with the Court.  Nor have any injured investors in Brooke Corporation submitted a request for Fair Fund compensation.[8]

Accordingly, the Clerk of the Court is ordered to disburse any remaining amounts received from Defendants and on deposit with CRIS to the Securities and Exchange Commission for remittance to the Treasury.  The Clerk shall accompany such payment with a letter identifying the title and civil number of this action and the name of this Court, and specify that the funds are being paid pursuant to this Order for remittance to the Treasury.  Upon receipt of the funds, the Commission's Office of Financial Management shall remit them to the Treasury.  Any funds later collected from Defendants shall be paid to the Commission for remittance to the Treasury.

---

[4] *Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 82 (2d Cir. 2006).

[5] *SEC v. E-Smart Techs.*, 139 F.Supp.3d 170, 192-93 (D.D.C. 2015)

[6] *SEC v. Lemelson*, 596 F.Supp.3d 227, 238 (D. Mass. 2022).

[7] *WorldCom*, 467 F.3d at 82.

[8] *Martin v. SEC*, 734 F.3d 169, 174-75 (2d Cir. 2013) (concluding that a committee of creditors "who suffered economic injuries" would have standing to challenge Fair Fund allocation), citing *WorldCom*, 467 F.3d at 77).

**IT IS SO ORDERED**.

Dated this 23rd day of March, 2023.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE